**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DA'JON SKAGGS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>STEPPING OUT BALLROOM DANCE CORP. d/b/a THE PENTHOUSE, QIUXUAN LI a/k/a RACHEL LI, and KENNETH REECE,<br><br>Defendants. | **Index No.**<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Da'Jon Skaggs, by his attorneys Hach Rose Schirripa & Rehns LLP and Pitta LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## NATURE OF THE ACTION

1. Plaintiff Da'Jon Skaggs ("Plaintiff" or "Skaggs"), brings this Class/collective action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in addition to rules and regulations promulgated thereunder, to recover minimum wages, spread of hours compensation, and unlawfully retained gratuities owed to Plaintiff and other similarly situated persons.

## JURISDICTION & VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related

to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

4. Defendant Stepping Out Ballroom Dance Corp. d/b/a The Penthouse ("Stepping Out") is a New York corporation that, at all relevant times, operated and held the on-premises liquor license for an event space.

5. At all relevant times Defendant Stepping Out's annual gross volume of sales has excess of $500,000.

6. Defendant Stepping Out has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce. Specifically, upon information and belief, Plaintiff handled such goods, including liquor, cleaning supplies, and audio/lighting equipment.

7. Upon information and belief, Defendant Qiuxuan Li a/k/a Rachel Li is an individual owner and/or manager of Defendant Stepping Out who had the power to hire, fire, set pay and schedules for Plaintiff and other employees.

8. Specifically, Defendant Rachel Li hired Plaintiff, set his pay and schedules.

9. Upon information and belief, Defendant Kenneth Reece is an individual owner and/or manager of Defendant Stepping Out who had the power to hire, fire, set pay and schedules for Plaintiff and other employees.

10. Specifically, Defendant Reece fired an employee named "Abdi" in or around

January 2026.

11. Moreover, Defendant Li reported to Defendant Reece.

12. For example, during his employment, in sum and substance, Plaintiff asked Defendant Li when he would be paid, Defendant Li said she would need to speak to Defendant Reece about it, showing Defendant Reece's control over the payment of employees.

13. As another example, if Defendants needed more change in the cash register, Defendant Li would ask Defendant Reece for change.

14. At all relevant times, each Defendant was an "employer" of Plaintiff within the meaning of the FLSA and the NYLL and is jointly and severally liable for the wage-and-hour violations described herein.

15. Plaintiff was employed by Defendants from around December 15, 2025 to January 17, 2026.

## FLSA COLLECTIVE ACTION ALLEGATIONS

### I. The Non-Exempt Employee Collective

16. Plaintiff brings the First and Second Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Non-Exempt Employee Collective Plaintiffs").

17. At all relevant times, Plaintiff and the other FLSA Non-Exempt Employee Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper minimum wages. The claims of Plaintiff stated herein are

essentially the same as those of the other Non-Exempt Employee Collective Plaintiffs.

18. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Non-Exempt Employee Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Service Collective Plaintiffs via first class mail to the last address known to Defendants.

**II. The Service Employee Collective**

19. Plaintiff brings the Third Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt service employees employed by Defendants and required to share tips with Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Service Employee Collective Plaintiffs").

20. At all relevant times, Plaintiff and the other FLSA Service Employee Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully requiring them to split tips with Defendants. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Service Employee Collective Plaintiffs.

21. The Second Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Service Employee Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the

Defendants. Notice can be provided to the FLSA Service Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

### I. The Non-Exempt Employee Class

22. Plaintiff brings the state law Fourth to Eighth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Non-Exempt Employee Class Period").

23. All said persons, including Plaintiff, are referred to herein as the "Non-Exempt Employee Class." The Non-Exempt Employee Class members are readily ascertainable. The number and identity of the Non-Exempt Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

24. The proposed Non-Exempt Employee Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Non-Exempt Employee Class.

25. Plaintiff's claims are typical of those claims which could be alleged by any member of the Non-Exempt Employee Class, and the relief sought is typical of the relief which would be sought by each member of the Non-Exempt Employee Class in separate actions. All the Non-

Exempt Employee Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, and spread of hours compensation, and of failing to provide adequate wage notices and statements. Defendants' corporate-wide policies and practices affected all Non-Exempt Employee Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Non-Exempt Employee Class member. Plaintiff and other Non-Exempt Employee Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

26. Plaintiff is able to fairly and adequately protect the interests of the Non-Exempt Employee Class and has no interests antagonistic to the Non-Exempt Employee Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Non-Exempt Employee Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Non-Exempt Employee Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and

public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Non-Exempt Employee Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Non-Exempt Employee Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

29. There are questions of law and fact common to the Non-Exempt Employee Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Non-Exempt Employee Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Non-Exempt Employee Class members for their work.

c) Whether Defendants paid Plaintiff and the Non-Exempt Employee Class members the state minimum wage for all hours worked.

d) Whether Defendants properly compensated Plaintiff and Class members for spread of hours shifts.

e) Whether Defendants provided Plaintiff and the Class members with adequate wage notices and wage statements.

f) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type and amount of labor Plaintiff and the Class members were required to perform.

**II. The Service Employee Class**

30. Plaintiff brings the state law Ninth Claim for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt service employees employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Service Employee Class Period").

31. All said persons, including Plaintiff, are referred to herein as the "Service Employee Class." The Service Employee Class members are readily ascertainable. The number and identity of the Service Employee Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Service Employee Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

32. The proposed Service Employee Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief,

there are more than forty (40) members of the Service Employee Class.

33. Plaintiff's claims are typical of those claims which could be alleged by any member of the Service Employee Class, and the relief sought is typical of the relief which would be sought by each member of the Service Employee Class in separate actions. All the Service Employee Class members were subject to the same corporate practices of Defendants, as alleged herein, of requiring the Service Employee Class members to share tips with Defendants. Defendants' corporate-wide policies and practices affected all Service Employee Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Service Employee Class member. Plaintiff and other Service Employee Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

34. Plaintiff is able to fairly and adequately protect the interests of the Service Employee Class and has no interests antagonistic to the Service Employee Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Service Employee Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the

individual Service Employee Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Service Employee Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Service Employee Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

36. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

37. There are questions of law and fact common to the Service Employee Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Service Employee Class members within the meaning of the New York law.

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the tip pool and tip allocations for

Plaintiff and the Service Employee Class members.

c) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type and amount of labor Plaintiff and the Service Employee Class members were required to perform.

d) Whether Defendants retained a portion of Service Employee Class members' tips.

## FACTS

38. Plaintiff's Consent to Sue form is attached hereto in Exhibit A.

39. Defendants committed the following alleged acts knowingly, intentionally and willfully.

40. Defendants knew that nonpayment of minimum wage, and spread of hours compensation and misappropriation of tips, would economically injure Plaintiff, FLSA Non-Exempt Employee Collective Plaintiffs, FLSA Service Employee Collective Plaintiffs, and Non-Exempt Employee Class members, and Service Employee Class members, and violated federal and state laws.

41. Plaintiff worked at Defendants' event space, "The Penthouse," at 617 West 46th Street, New York, NY, 10036. By way of example, The Penthouse offers its space for weddings, networking and dinner events.

42. Plaintiff's job duties generally included cleaning The Penthouse and setting up lights and/or audio equipment prior to events; providing coat check service and greeting customers; bussing tables – or clearing plastics cups and re-useable dishware and cleaning up when someone spilled a drink – when The Penthouse was busy; and sweeping, mopping and polished the floors of The Penthouse. Plaintiff estimates he spent about 40% of his time doing

busser duties.

43. Plaintiff's first day of work for Defendants was on December 15, 2025, when Plaintiff had to do a so-called "observational interview" and worked a shift from about 6 p.m. to 11 p.m. without pay. Plaintiff was subsequently hired and worked his second shift on December 17, 2025.

44. During his employment, Plaintiff's shifts varied, but he generally worked about 25 to 35 hours per week. Plaintiff generally worked about 8-10 hours per shift and 3-4 shifts per week. A typical shift ran from approximately 4 p.m. to 1 a.m. Plaintiff generally did not receive any breaks during his employment.

45. To give some examples of the length of shifts that Plaintiff worked, on December 22, 2025, Plaintiff worked from about 5 p.m. to 2 a.m.; on December 23, 2025, from about 3:30 p.m. to 10 p.m.; on December 24, 2025, from about 1 p.m. to 1 a.m.; and on December 31, 2025, from about 8 p.m. to 7 a.m.

46. Further, on January 5, 2026, Plaintiff worked from about 4 p.m. to 3 a.m.; on January 8, 2026, from about 4 p.m. to 6 a.m.; on January 14, 2026, from about 5 p.m. to 1 a.m.; and on January 17, 2026, from about 12:30 p.m. to 12 a.m.

47. Plaintiff's pay period was Tuesday to Monday, and Plaintiff was supposed to be paid the following Friday or Monday after that pay period.

48. During Plaintiff's employment, Defendants only paid Plaintiff twice.

49. Specifically, on January 13, 2026, Defendants paid Plaintiff $396.37 by direct deposit, without any statement showing hours worked or withholdings, if any were taken.

50. On January 22, 2026, Defendants paid Plaintiff $165 by direct deposit, without any statement showing hours worked or withholdings, if any were taken.

51. Defendants also unlawfully retained Plaintiff's tips.

52. Plaintiff was part of a tip pool including bartenders. 10% of tips in the pool were to go to "busser and coat check." Plaintiff was the only person who was in that role, to Plaintiff's knowledge, but he did not receive any tips other than $2 or $3 in cash per shift from a coat check jar. Tips in the coat check jar were not included in the tip pool.

53. By way of example, on January 17, 2026, on a tip sheet, total sales are listed as $468.06, total tips are listed as $107.60, and 10% of tips for the category "Hom Pro," where "Tips go to busser and coatcheck," is $10.76. But, as far as Plaintiff is aware, he never received money from this tip pool.

54. Plaintiff worked shifts lasting longer than 10 hours. Specifically, on December 24, 2025, Plaintiff worked from 1 p.m. to 1 a.m. As another example, on January 17, 2026, Plaintiff worked from 12:30 p.m. to 12:00 a.m.

55. Defendants were not entitled to take a tip credit against the minimum wage because Defendants failed to provide Plaintiff with written notice that Defendants were taking a tip credit from the minimum wage.

56. Defendants were required to provide written notice of the tip credit at the beginning of Plaintiff's and other tipped employees' employment, but Defendants failed to do this.

57. Defendants were also required to provide written notice of the tip credit whenever the tip credit changed, which occurred during Plaintiff's employment, but Defendants failed to do this.

58. In fact, Defendants never provided Plaintiff with wage notices, as required by NYLL § 195(1). As a result, Defendants' payment of the tip credit minimum wage was an

underpayment.

59. Defendants failed to provide wage statements to Plaintiff that complied with NYLL § 195(3), or any statement of hours worked or rates paid in a particular pay period.

60. Had Plaintiff been given this legally required information, Plaintiff would have been in a better position to advocate for his rights when he did complain to Defendants, including a complaint to Defendant Li about "not getting paid a penny" on January 13, 2026. Thus, Defendants' failure to provide Plaintiff with lawful wage statements caused Plaintiff to be underpaid.

61. Because no wage notice or compliant wage statements were provided, Plaintiff could not effectively determine which workdays and hours the January 13, 2026 and January 22, 2026 deposits covered, whether defendants were taking a tip credit, whether any deductions or withholdings were taken, or whether any tip amounts were included, and that lack of information concealed the extent of underpayment and delayed Plaintiff's ability to challenge it.

62. Defendants knowingly committed the foregoing acts against the Plaintiffs, FLSA Non-Exempt and Service Employee Collective members, and Non-Exempt and Service Employee Class members (as defined *infra*).

**AS AND FOR A FIRST CAUSE OF ACTION**
**Violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.**
**Made by Plaintiff on Behalf of All Non-Exempt Employee Collective Members Against Defendants**
**(Minimum Wage Violations)**

63. Plaintiff, on behalf of himself and the other FLSA Non-Exempt Employee Collective Members alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

64. At all relevant times, each Defendant has been, and continues to be, an

"employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

65. Defendants knowingly paid Plaintiff and FLSA Non-Exempt Employee Collective Members less than the federal minimum wage for all hours worked.

66. Plaintiff, on behalf of himself and the FLSA Non-Exempt Employee Collective Members, seeks damages in the amount of his respective unpaid minimum wages, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Violations of the FLSA, §§ 201 *et seq.***
**Made by Plaintiff on Behalf of All Non-Exempt Employee Collective Members Against Defendants**
**(Late Payment of Wages)**

67. Plaintiff, on behalf of himself and the other FLSA Non-Exempt Employee Collective Members alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

68. During the full statutory period, Plaintiff and the FLSA Non-Exempt Employee Collective Members were protected by the provisions of the FLSA, 29 U.S.C §§ 201, et seq., and all applicable regulations thereunder. The FLSA requires covered employers, including Defendants, to pay all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

69. Plaintiff and the FLSA Non-Exempt Employee Collective Members were not exempt from the requirement that Defendants timely pay them their wages.

70. During the statute of limitations period, Defendants have engaged in a policy and practice of failing to pay Plaintiff and the FLSA Non-Exempt Employee Collective Members all

compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

71. As a result of Defendants' failure to pay Plaintiff and FLSA Non-Exempt Employee Collective Members all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends, Defendants have violated the FLSA and/or applicable regulations thereunder.

72. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the FLSA Non-Exempt Employee Collective Members in accordance with the FLSA.

73. Plaintiff, on behalf of himself and the FLSA Service Employee Collective Members, seeks damages in the amount of his respective unpaid minimum wages, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.**
**Made by Plaintiff on Behalf of All FLSA Service Employee Collective Members Against Defendants**
**(FLSA Illegal Deductions from Gratuities)**

74. Plaintiff, on behalf of himself and the other FLSA Service Employee Collective Members alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

75. At all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

76. Throughout the period covered by the applicable statute of limitations,

Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Service Employee Collective Members.

77. Plaintiff, on behalf of himself and the FLSA Service Employee Collective Members, seeks damages in the amount of his respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Violations of the NYLL, §§ 650 *et seq.*, N.Y. Comp. Code R. & Regs. tit. 12 § 146-1.2**
**Made By Plaintiff on Behalf of Himself and the Non-Exempt Employee Class Against Defendants**
**(Minimum Wage Violations)**

78. Plaintiff, on behalf of himself and the Non-Exempt Employee Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as if they were set forth again herein.

79. Defendants knowingly paid Plaintiff and the Non-Exempt Employee Class members less than the New York State minimum wage for every hour worked.

80. Defendants did not pay Plaintiff and the Non-Exempt Employee Class members the New York minimum wage for all hours worked.

81. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Non-Exempt Employee Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**Violations of the NYLL, Section 195(1)**
**Made By Plaintiff on Behalf of Himself and the Non-Exempt Employee Class Against Defendants**
**(Failure to Provide Wage Notices)**

82. Plaintiff, on behalf of himself and the Non-Exempt Employee Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as if they were set forth again herein.

83. Defendants willfully failed to furnish Plaintiff and Non-Exempt Employee Class members with a wage notice during the relevant time period of his employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff and the Non-Exempt Employee Class Members as their primary language, which were to contain, among other things, Plaintiff and the Non-Exempt Employee Class members' rate or rates of pay and basis thereof; the regular pay day designated by Defendant as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's and Non-Exempt Employee Class members' regular hourly rates of pay and overtime rates of pay.

84. Through their knowing and intentional failure to provide Plaintiff and the Non-Exempt Employee Class members with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

85. Defendants' failure to provide the wage notice required by the NYLL hindered Plaintiff and Non-Exempt Employee Class members in their ability to contest the wage and hour deficiencies to which they were subjected by their employer and seek redress of wage violations, resulting in delayed payment of all proper wages and damages.

86. Due to Defendants' willful violations of the NYLL, Plaintiff and Non-Exempt Employee Class members are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**AS AND FOR A SIXTH CAUSE OF ACTION**
**Violations of the NYLL, Section 195(3)**
**Made By Plaintiff on Behalf of Himself and the Non-Exempt Employee Class Against Defendants**
**(Failure to Provide Wage Statements)**

87. Plaintiff, on behalf of himself and the Non-Exempt Employee Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as if they were set forth again herein.

88. Defendants willfully failed to provide Plaintiff and the Non-Exempt Employee Class members proper written wage statements with their wages each pay period as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; gross wages; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

89. Through their knowing and intentional failure to provide Plaintiff and Non-Exempt Employee Class members with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

90. Defendants' failure to provide the wage statements required by the NYLL hindered Plaintiff and Non-Exempt Employee Class members in their ability to contest the wage and hour deficiencies to which they were subjected by their employer and seek redress of wage violations, resulting in delayed payment of all proper wages and damages.

91. Due to Defendants' willful violations of the NYLL, Plaintiff and Non-Exempt Employee Class members are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**Violations of the NYLL, N.Y. Comp. Code R. & Regs. tit. 12 § 146-1.6**
**Made By Plaintiff on Behalf of Himself and the Non-Exempt Employee Class Against Defendants**
**(Spread of Hours Violations)**

92. Plaintiff, on behalf of himself and the Non-Exempt Employee Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as if they were set forth again herein.

93. Plaintiff and the Non-Exempt Employee Class members had workdays that lasted more than ten (10) hours.

94. Defendants willfully and intentionally failed to compensate Plaintiff and the Non-Exempt Employee Class Members one hour's pay at the basic New York minimum hourly wage rate for all workdays that spanned more than ten (10) hours, as required by New York law.

95. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Non-Exempt Employee Class are entitled to an award of damages, including compensatory damages and liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**Violations of the NYLL, §§ 191, 198**
**Made By Plaintiff on Behalf of Himself and the Non-Exempt Employee Class Against Defendants**
**(Late Payment of Wages)**

96. Plaintiff, on behalf of himself and the Non-Exempt Employee Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding.

97. Plaintiff and the Service Employee Class members were manual workers within the meaning of NYLL § 191(1)(a).

98. Plaintiff and the Service Employee Class members spent more than 25% of their

time performing physical labor.

99. Accordingly, Defendants were required to pay Plaintiff and the Service Employee Class members on a weekly basis but failed to do so.

100. Defendants further failed to pay Plaintiff and Non-Exempt Employee Class members in accordance with the agreed terms of employment.

101. As a result of Defendants' violation of the NYLL and the Regulations promulgated therein, Plaintiff and the Non-Exempt Employee and Service Employee Class members have incurred harm and loss in an amount to be determined at trial, along with liquidated damaged, attorneys' fees and costs of litigation.

**AS AND FOR A NINTH CAUSE OF ACTION**
**Violations of the NYLL, N.Y. Lab. L. § 196-d**
**Made By Plaintiff on Behalf of Himself and the Service Employee Class Against Defendants**
**(Illegal Deductions from Gratuities)**

102. Plaintiff, on behalf of himself and the Service Employee Class members, alleges, re-alleges and incorporates by reference all allegations from all preceding.

103. Throughout the statute of limitations period covered by these claims, Defendants knowingly and willfully retained/misappropriated gratuities belonging to Plaintiff and the Service Employee Class members.

104. Plaintiff, on behalf of himself and the Service Employee Class members, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the NYLL, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Non-Exempt

Employee and Service Employee Collective Plaintiff and members of the Non-Exempt Employee and Service Employee Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Non-Exempt Employee and Service Employee Collective Plaintiff and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in classes, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Non-Exempt Employee and Service Employee Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23;

D. Designation of Plaintiff as Representative of the Non-Exempt Employee and Service Employee Class;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

**JURY DEMAND**

The Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
April 27, 2026

Respectfully submitted,

**HACH ROSE SCHIRRIPA & REHNS LLP**

By: *[/s/ Finn Dusenbery]{.underline}*
Finn W. Dusenbery
112 Madison Avenue, 10th Floor
New York, NY 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0028

**PITTA LLP**

Joseph M. Bonomo
120 Broadway, 28th Fl
New York, NY 10271
Telephone: (917) 473-3119
Facsimile: (212) 779-0028

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class members*